UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,

      Plaintiff,

v.

JASPER PRODUCTS, LLC,

      Defendant.
_____

**DECISION AND ORDER**

1:13-CV-01118 EAW

      This patent infringement litigation has a long and complex procedural history, familiarity with which is assumed for purposes of this Decision and Order. To briefly summarize the salient background, plaintiff Steuben Foods, Inc. ("Plaintiff") accuses defendant Jasper Products, LLC ("Defendant") of infringing United States Patent Nos. 6,945,013 (the "'013 Patent"), 6,536,188 (the "'188 Patent"), 6,481,468 (the "'468 Patent"), 6,475,435 (the "'435 Patent"), and 6,209,591 (the "'591 Patent"). (Dkt. 118). Plaintiff's claims of patent infringement arise out of Defendant's use of "certain low-acid aseptic bottle filling machines" (*id*. at ¶ 21), some of which use hydrogen peroxide as a sterilant and some of which use oxonia as a sterilant.

      On February 18, 2021, the Court entered a Decision and Order (Dkt. 351 (the "Claim Construction Decision")) in which it construed the disputed term "aseptically disinfecting" to require the use of a sterilant that been approved by the Food and Drug Administration as of February 2, 1999. The practical effect of the Court's Claim Construction Decision is

that certain of Plaintiff's claims of patent infringement are no longer viable to the extent they are based on the use of a bottle filling machine wherein oxonia is the sterilant.

After entry of the Claim Construction Decision, the Court entered a Final Judgment of Non-Infringement in the companion cases of *Steuben Foods, Inc. v. GEA Process Engineering, Inc., et al.*, Civil Action No. 1:12-cv-00904 (the "GEA Action"), and *Steuben Foods, Inc. v. Nestle, U.S.A.*, Civil Action No. 1:13-cv-00892 (the "Nestle Action"), because the patent infringement claims in those matters arose solely out of the use of bottle filling machines that use oxonia as a sterilant. Plaintiff has appealed the Court's Claim Construction Decision to the Court of Appeals for the Federal Circuit in both the GEA Action and the Nestle Action.

On April 21, 2021, the parties to this action sent to the Court a request that the Court enter a partial final judgment of non-infringement pursuant to Federal Rule of Civil Procedure 54(b) "on Counts 1, 2, and 3 of Steuben's Complaint . . . related to U.S. Patent Nos. 6,945,013, 6,536,188, and 6,481,468 . . . based on the Court's February 18, 2021, claim construction Order construing the claim term 'aseptically disinfecting.'" (Dkt. 375 at 1). The parties note that Plaintiff also intends to appeal the Court's construction of "aseptically disinfecting" in the instant matter and contend that it would be "in the interests of judicial economy, efficiency and fairness that the appeal of the common claim construction issue proceed in all three cases against the . . . Oxonia Machines together at this time." (*Id*. at 5).

On May 17, 2021, the Court entered a Text Order requiring additional briefing on the parties' joint request for entry of partial final judgment under Rule 54(b). (Dkt. 371). The parties submitted such additional briefing on June 1, 2021. (Dkt. 372).

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Because Rule 54(b) concerns an appellate court's jurisdiction, the Federal Circuit applies its "own law and not the law of the regional circuit" in ascertaining whether the prerequisites for entry of partial final judgment have been satisfied. *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1379 (Fed. Cir. 1996). The Federal Circuit has held that "[i]n order for Rule 54(b) to apply, the judgment must be final with respect to one or more claims. A judgment is not final for Rule 54(b) purposes unless it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Rsch. Assocs., Inc.*, 975 F.2d 858, 861-62 (Fed. Cir. 1992). Accordingly, "[c]ourts analyzing whether Rule 54(b) applies must focus on both the finality of the judgment and the separateness of the claims for relief." *Id*.

Here, the Court has serious doubts that the finality requirement is satisfied. As set forth above, the parties seek a final judgment of non-infringement on Plaintiff's claims related to the '013, '188, and '468 Patents only to the extent that such claims are related to bottling machines that use oxonia as a sterilant. The parties continue to litigate such claims

to the extent they are based on bottling machines that use hydrogen peroxide as a sterilant. Thus, there has not been a "final disposition of the infringement claim" with respect to these patents. *Id*. at 864. "The resolution of individual issues within a claim does not satisfy the requirements of Rule 54(b)." *Houston Indus. Inc. v. United States*, 78 F.3d 564, 567 (Fed. Cir. 1996).

Further, and in any event, the Court finds in its discretion that the "no just reason for delay" requirement of Rule 54(b) is not satisfied here. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956) (the decision of whether there is no just reason for delay is "with good reason, vested . . . in the discretion of the District Court"). The Court finds the analysis in *Respironics, Inc. v. Invacare Corp.*, No. CIV A 04-0336, 2007 WL 1965241 (W.D. Pa. July 3, 2007) persuasive. There, "plaintiffs assert[ed] that one defendant [had] infringed four patents" by use of a "commercialized device" and a "trade show device." *Id*. at *4. The court "entered summary judgment that none of the four patents were invalid and that three of the four patents were not infringed" but "denied cross motions for summary judgment regarding infringement of the fourth patent." *Id*. The plaintiffs then requested entry of partial final judgment pursuant to Rule 54(b) on "all claims of infringement and invalidity" involving the commercialized device, arguing that "the remaining claims of infringement against the device displayed at the . . . trade show, and the counterclaims and defenses of invalidity of the relevant patent . . . are separate and distinct from the claims of infringement of the currently commercialized accused device." *Id*. The court in *Respironics* found that it was "not a case in which multiple claims [could] be properly segregated for appeal under Rule 54(b)" and noted that it was aware of no

similar cases in which "some parts of a multi-patent and multi-accused device case appealed, while other parts were stayed." *Id*. at *5.

Here, as in *Respironics*, the parties' attempt to separate Plaintiff's infringement claims into parts does not satisfy the requirements of Rule 54(b). Considering "judicial administrative interests as well as the equities involved," and "such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), the Court finds that entry of partial final judgment of non-infringement related solely to the oxonia-using bottling machines is not warranted. There is substantial factual and legal overlap as to Plaintiff's allegations that Defendant has infringed the '013, '188, and '468 Patents by using the different bottling machines at issue, and there is no reason that the typical avoidance of piecemeal appeals should not apply in this case. For example, briefing is currently ongoing on Defendant's motion seeking "summary judgment that asserted claims 19 and 40 of U.S. Patent No. 6,536,188 B1 and asserted claims 6, 9, and 17-20 of U.S. Patent No. 6,945,013 B2 are invalid under 35 U.S.C. § 112[.]" (Dkt. 373 at 1). Any such invalidity finding by the Court would foreclose Plaintiff's infringement claims regardless of the type of bottling machine at issue.

The Court appreciates that the parties wish to consolidate an appeal in this matter with the pending appeals in the GEA Action and the Nestle Action. However, "Rule 54(b) is not to be used as an accommodation to litigants." *Respironics*, 2007 WL 1965241, at

*5. Entry of a partial final judgment of non-infringement in this case would not serve judicial administrative interests simply because two other appeals involving the Court's construction of the phrase "aseptically disinfecting" are pending—claim construction is a matter of law, and any legal conclusions the Federal Circuit reaches would apply in this matter regardless of whether the Court enters partial final judgment at this time.

Finally, the parties' citation to *Otsuka Pharm. Co. v. Zydus Pharms. USA, Inc.*, 314 F.R.D. 372 (D.N.J. 2016)[1] and *Straight Path IP Grp., Inc. v. Apple Inc.*, No. C 16-03582 WHA, 2018 WL 1449415 (N.D. Cal. Jan. 4, 2018) is misplaced. In neither of those cases did the parties seek partial final judgment as to only one type of accused device, thus splitting an infringement claim. The degree of interrelatedness between the remaining claims and the claims as to which partial final judgment was sought was thus not as great as in the instant matter.

For all these reasons, the Court finds the requirements of Rule 54(b) are not satisfied and accordingly denies the parties' request that it enter partial final judgment.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 22, 2021
Rochester, New York

---

[1] The parties have cited the *Otsuka* case as 315 F.R.D. 372 (*see* Dkt. 372 at 4), but the citation given above is the correct one.